IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 7:03-758-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Calvin Terrell Williams, ) | |
| ) | |
| Movant. ) | |

The instant § 2255 motion was filed by Calvin Terrell Williams ("Williams") on July 29, 2010.[1] Upon review, the court found that Williams' motion was time-barred. (August 4, 2010 Order.) As such, on August 4, 2010, the court afforded Williams ten days from the date of the order to explain how equitable tolling salvages his § 2255 motion claiming ineffective assistance of counsel. Williams filed a reply on August 16, 2010.

Equitable tolling is seldom applicable. It is available "only in those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)) (internal quotation marks omitted). Thus, to save his motion for post-conviction relief, an otherwise time-barred criminal defendant must present evidence of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Sosa, 364 F.3d at 512 (quoting Rouse, 339 F.3d at 246) (internal quotation marks omitted).

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

In his reply, Williams reargues his claims. (Reply, generally.) However, Williams does not explain how equitable tolling could salvage his claims. The court has reviewed the record in this case. However, the circumstances presented are not "extraordinary," and there is no evidence that Williams was "prevented" from filing a timely § 2255 motion. A criminal defendant must diligently avail himself of his procedural rights. In this case, Williams should have filed a § 2255 motion prior to the expiration of the limitations period. Based on the foregoing, Williams has failed to show how equitable tolling salvages his § 2255 motion.

Therefore, it is

**ORDERED** that Williams' § 2255 motion, docket number 55, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Williams has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 23, 2010

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.